**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Freddy Allen Samora, | No. CV-13-01703-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, | |
| Defendant. | |

Plaintiff brought this action for judicial review pursuant to 42 U.S.C. § 405(g) after his application for disability benefits was denied. Doc. 1. The Court reversed Defendant's decision and remanded the case for further proceedings. Doc. 19.

Plaintiff has filed a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Doc. 21. Defendant has responded (Doc. 22) and no party has requested oral argument. For reasons that follow, the Court will grant the motion and award Plaintiff attorney's fees in the amount of $4,039.63 and costs in the amount of $400.00.

"The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). Doc. 19; *see Shalala v. Schaefer*, 509 U.S. 292, 301 (1993); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The Court should award reasonable attorney's fees under the EAJA unless Defendant shows that her position in

1 this case was "substantially justified or that special circumstances make an award
2 unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258. A position is
3 substantially justified "if it has a reasonable basis in fact and law." *Pierce v. Underwood*,
4 487 U.S. 552, 566 n.2 (1988).

Defendant does not contend that an award of fees in this case would be unjust. Nor has she shown that the positions taken in defense of the ALJ's erroneous decision were substantially justified.

Defendant argues that her position was substantially justified because it was "reasonable in law and fact." Doc. 22 at 3. The Court found that the ALJ committed legal error by failing to identify legally sufficient reasons for rejecting the opinion of Dr. Angulo, an examining psychologist. Doc. 19 at 5-8. The uncontroverted opinion of a treating or examining physician can be rejected only for "clear and convincing reasons," and a contradicted opinion may be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal citation omitted). The Court found that the ALJ did not identify any evidence that contradicted Dr. Angulo's opinion and failed to provide clear and convincing reasons for rejecting his opinion. Doc. 19 at 5-8. Because the ALJ failed to provide clear and convincing reasons for rejecting Dr. Angulo's opinions, his decision did not comport with the Ninth Circuit's requirements and constituted legal error. Defendant's position therefore cannot be said to have a "reasonable basis in law," and was not substantially justified.

Plaintiff's counsel, Tye Smith, has filed an affidavit (Doc. 21-1) and an itemized statement of fees (Doc. 21-2) showing that 21.60 hours of work were performed on this case. Having reviewed the affidavit and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the amount of the requested fee award is reasonable.

**IT IS ORDERED:**

1. Plaintiff's motion for attorney's fees (Doc. 21) is **granted**.

2. Plaintiff is awarded **$4,039.63** in attorney's fees pursuant to 28 U.S.C. § 2412 and **$400.00** in costs pursuant to 28 U.S.C. § 1920.

Dated this 12th day of September, 2014.

David G. Campbell
United States District Judge